737 P.2d 541

**FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff-Appellee,**

v.

**Mary Jo BUSTANI, Individually and as Personal Representative of the Estate of Debra Lynn Bustani, Deceased, and Hilary Earnest Harding, Individually and a Personal Representative of the Estate of Robert Dale Harding, Deceased, Defendants-Appellants.**

**Hilary Earnest HARDING, Individually and as Personal Representative of the Estate of Robert Dale Harding, Deceased, Plaintiff-Appellant,**

v.

**Doris LUCERO, Defendant.**

**No. 16569.**

Supreme Court of New Mexico.

May 20, 1987.

Roger A. Wagman, Albuquerque, for defendant-appellant Harding.

Ray Tabet, Albuquerque, for defendant-appellant Bustani.

Farlow, Simone, Roberts & Weiss, Randal W. Roberts, Albuquerque, for plaintiff-appellee.

## OPINION

WALTERS, Justice.

Fireman's Fund filed an interpleader action in state district court, depositing $100,-000 in the court registry. Following developments in a federal court proceeding related to Fireman's liability, it was allowed to dismiss its interpleader suit. The plaintiffs appeal and we affirm.

**FACTS**

On March 21, 1982, Doris Lucero (not a party to this appeal) was involved in an automobile accident in which Debra Bustani and Robert Harding were killed. Shortly thereafter, Mary Jo Bustani, a Florida resident, filed a suit for the wrongful death of her daughter in federal district court. On January 8, 1985, Fireman's Insurance Company, Lucero's insurer, filed its interpleader action and suit for injunction, naming Bustani, the personal representative of Robert Harding's estate (Harding), and Donna Apodaca (no longer a potential claimant) as defendants. Upon the district court's order, Fireman's paid the limits of the liability insurance policy into the court registry. The Harding estate then filed a wrongful death action in state district court, and sought to intervene in the interpleader action, moving also to consolidate the two cases. Consolidation was granted.

On June 28, 1985, the Bustani wrongful death action went to trial in federal district court. The federal court suggested that the suit be dismissed without prejudice until the interpleader matter had been resolved. Bustani elected to proceed in federal court, and a jury returned a special verdict in favor of Lucero of no liability. Appeal of that verdict is still pending.

Bustani and Harding, in February 1986, jointly moved for distribution of the interpleaded funds. In response, Fireman's pursuant to SCRA 1986, 1–041(A)(2), sought dismissal without prejudice of its interpleader action, asserting that the

funds should be returned because Bustani's claim was barred by the federal verdict, leaving the Harding estate as the single claimant. Fireman's urges that one purpose of interpleader is to protect a stakeholder from the threat of exposure to "double or multiple liability," SCRA 1986, 1–022, and because only one claimant remained, the need for interpleader had disappeared. On that basis, the district court, following a hearing on motions of all parties, entered an order denying the joint motion of Bustani and Harding to distribute the interpleaded funds, and granting Fireman's motion to dismiss.

## DISCUSSION

This is a case of first impression in New Mexico. We have not found case law from other jurisdictions addressing the specific issue raised by Bustani and Harding, that is:

> Whether the filing of an interpleader action constitutes an irrevocable admission of liability to the extent of the funds deposited, thereby precluding a trial judge from granting a motion for dismissal and withdrawal of the funds?

Fireman's deposit of the money was conditioned upon the court's ruling regarding entitlement of the respective claimants to the proceeds, as evidenced by allegations that all of the named defendants had claimed or might claim a right to the proceeds of the insurance policy, and by Paragraph 2 of Fireman's prayer for relief, which requests the court to

> order that the Defendants who may make claim to the proceeds herein described *interplead and establish their respective claims* and that the Plaintiff be discharged from any *other or further* liability to said Defendants by virtue of the payment of full amounts of the proceeds under the registry of the Court. (Our emphasis.)

According to 48 C.J.S. *Interpleader*, § 31 at 183, the general rule in interpleader actions is that "[p]ayment or deposit of the fund or property into court ordinarily constitutes an admission by the stakeholder that he is liable to someone."

We note, however, that Rule 1–022 of the New Mexico Rules of Civil Procedure ex-pands the nature of interpleader to avoid the general rule. SCRA 1986, 1–022. Traditionally, one of the essential requirements in an equitable interpleader action was that the plaintiff seeking interpleader be entirely indifferent to the conflicting claims, asserting no interest in the fund or property deposited. Interpleader relief under the rule now provides for a new and more liberal joinder in the alternative. It is no longer a ground for objection that "the plaintiff avers that he is not liable in whole or in part to any or all of the claimants." *Id.*

Construing defendant's pleadings to do substantial justice, as we must (*see* SCRA 1986, 1–008(F)), especially in view of the verdict in federal court which effectively removed one of the likely claimants to any entitlement to the insurance proceeds, we believe Fireman's adequately raised a question of entitlement and put at issue the obligation of all of the claiming parties to "establish their respective claims" to any part of the fund before it be distributed.

Since the turn of events following the filing of the interpleader action eliminated Bustani and Apodaca as potential claimants (Bustani by verdict and Apodaca by default), only one claiming defendant now remains. That party's entitlement to any recovery still can be settled or litigated expeditiously and without prejudice to the estate's recovery against Lucero if that be the result after trial.

To affirm the trial court would effect no harm to either Fireman's or the Harding estate, since the estate will be required to "establish" its case in its pending suit against Lucero, just as it would have been required to do in the interpleader action.

For the foregoing reasons, we affirm the trial court and remand for further proceedings in the Harding wrongful death action.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and RANSOM, J., concur.